

# Fourth Court of Appeals
## San Antonio, Texas

July 27, 2021

No. 04-21-00194-CR

Chance **WATSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 7426
Honorable Kirsten Cohoon, Judge Presiding

## O R D E R

The reporter's record in this appeal was due on July 26, 2021. On July 20, 2021, the court reporter filed a notification of late record, stating that the reporter's record has not been filed because appellant has failed to request the record in writing or to make payment arrangements for the record. We therefore **ORDER** appellant to provide written proof to this court **by August 6, 2021** that he: (1) has requested the court reporter to prepare the reporter's record, which request must designate the portions of the proceedings and the exhibits to be included, *see* TEX. R. APP. P. 34.6(b)(1); and (2) has either paid the court's reporter's fee for the preparation of the record or is entitled to have the record furnished without charge.[1] The reporter's record must be filed no later than thirty days after the date appellant's written proof is filed with this court. If appellant fails to request the record is writing, the court will consider only those issues or points raised in appellant's brief that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c).

---

[1] Our records indicate that on April 2, 2020, the trial court granted appellant's request for appointed counsel, and appellant continues to be represented by appointed counsel in this appeal. However, our records do not indicate whether the trial court considered or ruled on the question of whether appellant is entitled to a free reporter's record—the form Order Appointing Counsel is silent about whether appellant is also entitled to a free reporter's record. *See McFatridge v. State*, 309 S.W.3d 1, 5–6 (Tex. Crim. App. 2010) ("Determining indigency for purposes of appointing counsel and indigency for purposes of obtaining a free record are discrete inquiries, but the factors to be considered are the same. A defendant can be found indigent for one purpose without being found indigent for the other."). We note that appellant is currently incarcerated and that the trial court granted his request for appointed counsel based on his representation that he was homeless, unemployed, and had no income.

Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of July, 2021.



Michael A. Cruz,
Clerk of Court